TRUSTEES MATHEWSON STREET M. E. CHURCH *vs.* JOHN SHEPARD, JR., *et al.*

PROVIDENCE—MAY 18, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Easement in Light by Prescription.*

An easement in light cannot be acquired by prescription, but only by covenant or grant.

(2) *Equity. Injunctions.*

Equity will not consider the legality of acts complained of where the bill of complaint discloses no title in the complainant to relief.

BILL IN EQUITY seeking an injunction to restrain the respondents from closing up a public highway in the city of Providence, which had been abandoned by a resolution of the board of aldermen of said city.   The bill alleged that the proceedings by which said street was abandoned were void, and that the obstructions placed in said street by the respondents cut off the light from the building of the complainants. Heard on demurrer to bill, and demurrer sustained.

PER CURIAM.   The only title to relief which the complainants state in their bill is the obstruction of the light which would come to their church edifice but for the proposed closing of the strip of land called Comfort street.

The title to an easement in light is not adequately set forth in the bill, and the almost uniform current of authority in this country is that such an easement cannot be acquired by prescription, but only by covenant or special grant.   As the complainants show no title to relief, we do not see that they are in a position to question the legality of the proceedings for the abandonment of Comfort street as a public highway. Our opinion is, therefore, that the demurrer should be sustained.

*Stephen A. Cooke, Dexter B. Potter, and Edward D. Bassett,* for complainants.

*Comstock & Gardner and Arnold Green,* for respondents.